## Judy v. Steer's Administratrix.

### (Decided May 15, 1923.)

## Appeal from Grant Circuit Court.

1. Corporations—Note Given for Money Borrowed from Organizer of Corporation to Pay for Stock Not Without Consideration, Though Certificate Never Delivered.—Where defendant subscribed for stock in corporation which was issued to him, and gave his note to another organizer for the money with which to pay for it, with the stock as collateral, the note was not without consideration, though the stock certificate was never delivered to defendant.

2. Corporations—Certificate Only Evidence of Ownership of Shares.— A stock certificate is not the shares of stock, but merely evidence of the holder's ownership of the shares.

DICKERSON & HOGAN for appellant.

DeJARNETT & HARRISON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

In 1915, John S. Steer and J. A. Judy and a number of other persons organized a corporation under the name of "Lakeview Sanatorium and Hotel Company," of Lexington, with a capital stock of $60,000.00, shares $100.00 each. Appellant Judy subscribed for five (5) shares, but being unable to command the money he made a note to Steer for $500.00 and attached to it the five (5) shares of stock in the corporation of the par value of $500.00 as collateral. This stock had been issued to Judy in December, 1915. The note was not paid. The corporation continued to do business for several months and finally failed and went into bankruptcy. Steer died and his wife was appointed administratix. In closing up his affairs she instituted this action upon the Judy note for $500.00. Judy answered and admitted the execution of

the note that had not been paid, and averred it was without consideration and set forth facts showing it was for five (5) shares of the capital stock of the corporation; that the certificate of stock was never delivered to Judy and therefore the note was without consideration.

The cause coming on for trial the evidence was short, for Steer being dead Judy was not competent to testify to any transaction had with Steer. The lower court adjudged the burden upon the administratix who introduced the note, the certificate of stock and the articles of incorporation, to which appellant Judy had subscribed and who had acknowledged the same to be his act and deed. This was all of the evidence. The court adjudged Judy liable to the administratix for the amount of the note with interest.

We think the evidence was sufficient to entitle the administratix to a verdict. In fact she should have had a peremptory instruction in her favor, but the court having erroneously overruled her motion for this and submitted the case to the jury, the instructions, which were erroneous, were not prejudicial and appellant is not in position to complain.

The mere fact that the certificate of stock which is attached to the note was not actually delivered to appellant Judy, if in truth it were not, did not release appellant from his obligation on the note. Without such certificate appellant Judy owned five shares of stock in the corporation. The money, $500.00, which he borrowed from Steer to pay for the stock was nevertheless due. He obtained the $500.00 from Steer with which to pay for the five shares of stock, and did buy and pay for same with that money. The certificate was evidence of his ownership of the five shares, and not the shares. For this reason the note given for the five (5) shares was not without consideration. 3 R. C. L. 928; 14 C. J. 673; 14 C. J. 303.

Judgment affirmed.