## Charles, et al. v. Hopkins.

(Decided January 28, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Transfer of Law Cause to Equity Docket Held Not Prejudicial, where Appellee was Entitled to Judgment on Pleadings as They Stood and Appellant's Proof of Subsequently Pleaded Defenses Made no Jury Issue.—In action on note given for corporate stock, where defendants pleaded failure to deliver certificates, which had been lost in flood after sale, it was not prejudicial error, for court to transfer case to equity docket, where on pleadings as they then stood appellee was entitled to judgment, and proof of defenses thereafter pleaded made no jury issue.

2. Appeal and Error—Appellant Cannot Predicate Error on Summary Order to One Not Party, Not Affecting His Rights.—Appellant cannot complain of summary order directed to one not party to action, which in no way affects his rights.

3. Corporations—In Absence of Agreement to Contrary, Title to Stock Sold Passes at Time of Sale, Notwithstanding Nondelivery of Certificates.—Notwithstanding failure to deliver certificates, title to corporate stock vests in purchaser at time of sale, in the absence of any provision in contract that title should not pass until certificates were delivered.

4. Corporations—Stock Certificate is Mere Evidence to Title of Stock and Not the Stock Itself.—A share certificate is paper evidence of title to stock, and is not the stock itself, nor is it necessary to the existence of the stock.

5.  Corporations—In Action on Note Given for Corporate Stock, Certificates of which had Not been Delivered, Court Held to Have Properly Given Judgment for Plaintiff.—In action on note given for corporate stock, where defendant alleged nondelivery of certificates and that a resale had been prevented thereby, held court properly gave judgment for plaintiff, in absence of evidence sustaining allegation that resale had been prevented.

DAUGHERTY & BARRETT for appellants.                ,

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Frank A. Hopkins, owned five shares of the capital stock of the Pikeville Baking Company having a par value of $500.00 per share. On the 10th day of February, 1923, he sold these shares of stock to the appellant, J. K. Charles, for $2,000.00, and J. K. Charles executed his note to the appellee for $2,000.00 payable one year after date, and the appellant, Green Charles, who is the father of J. K. Charles, signed the note as accommodation endorser. Hopkins failed to deliver the stock certificates to J. K. Charles at the time the note was executed and delivered, and a few days thereafter his place of business was flooded and the certificates were destroyed. He notified J. K. Charles of this fact and told him that he would have other certificates issued. He failed to have this done, and J. K. Charles claims that he requested Hopkins to deliver him the certificates on two or three occasions and that each time Hopkins promised to do so.

After he had purchased the stock J. K. Charles became active in the management of the affairs of the baking company and at stockholders' meetings voted fourteen shares of stock, which included the five shares he had purchased from Hopkins and nine shares that he owned at the time this purchase was made. Neither party seemed to attach any importance to the actual possession of the certificates, and J. K. Charles exercised and enjoyed all the rights of ownership of the stock. The officers, directors and stockholders of the corporation apparently recognized him as the owner of the Hopkins stock.

About the time the note was due in February, 1924, the appellee wrote to Green Charles, who was then sojourning in Florida, in regard to the payment of the note. Green Charles, under date of February 23, 1924, wrote in reply to this letter that he did not have the money in

the bank at that time, but that he would make arrangements to pay the note as soon as he returned home. Some time after returning from Florida he had a conversation with appellee in regard to the note and promised to pay it as soon as he could. He claims that when the correspondence and conversation referred to occurred he did not know the stock certificates had not been delivered to his son.

How long, but for the happening of an unfortunate event, matters would have continued in this state, apparently satisfactory to all parties concerned, we do not know. Some time after the note became due it was reported the Pikeville Baking Company had become insolvent. The appellee thereupon promptly instituted suit on the note. The appellants answered alleging that Hopkins had failed to deliver the stock certificates for the purchase of which the note had been executed and that there was a failure of consideration. The appellee filed a reply in which he alleged that the appellant, J. K. Charles, had exercised the rights of ownership of the stock; that he knew the certificates evidencing the ownership of the stock had been unavoidably destroyed and, after learning of that fact, appellants had agreed to pay off the note and had asked for an extension of time. The appellants filed a rejoinder controverting the affirmative allegations of the reply.

The case was called for trial at the December term of court, and after the jury had been impaneled, the court on its own motion set aside the swearing of the jury and transferred the case to the equity docket.

Hopkins then filed an amended petition making the Pikeville Baking Company a party, and also served notice on it that on the following day a motion would be filed asking that a rule be issued requiring it to show cause why certificates for five shares of stock should not be issued to J. K. Charles in lieu of those that had been owned by Hopikns. The court entered an order directing the Pikeville Baking Company to issue certificates for five shares of stock to J. K. Charles. The Pikeville Baking Company, without obejction to this summary proceeding, through its proper officers, issued certificates for five shares of stock to J. K. Charles and delivered them to Hopkins, who filed an amended petition tendering these certificates to the appellants. The appellants filed a response to the amended petition in which they al-

leged the Pikeville Baking Company was a prosperous corporation at the time the note was executed and that they could have sold the five shares of stock at a profit if appellee had delivered the certificates to them before the company had become insolvent.

After the proof had been taken the court entered judgment in favor of Hopkins.

Appellants complain of the action of the court in transferring the case to the equity docket and requiring the Pikeville Baking Company to issue certificates for five shares of stock to J. K. Charles when it was not properly before the court. In answer to the last complaint it is sufficient to say that appellants were not prejudiced by the action of the court. Only the Pikeville Baking Company could complain, and no objection to the procedure was made by it. The title to the shares of stock vested in appellant, J. K. Charles, at the time he purchased them and executed and delivered his note for the purchase price, the terms of sale containing no provision that title should not pass until the certificates were delivered. A share certificate is paper evidence of title to stock and is not the stock itself, nor is it necessary to the existence of the stock. It merely certifies to a fact that exists independently of itself, and title to shares of stock may pass without actual delivery of the certificates evidencing title thereto. Commonwealth v. Peebles, 134 Ky. 121, 119 S. W. 774: Judy v. Steer's Admrx., 199 Ky. 221, 250 S. W. 859; Lam v. White, 204 Ky. 557, 264 S. W. 1113; Black Eagle Mining Co. v. Conroy, (Okla.), 221 P. 425; Bushnell v. Elkins (Wyo.), 245 P. 304; Chapman v. Denton (Tex.), 268 S. W. 252.

Appellants failed to sustain their allegation that they lost a sale of the five shares of stock on account of appellee's failure to deliver the certificates, and there is no evidence that they sustained any damage by reason of the failure of appellee to make the delivery. From what has been said it follows that the lower court committed no error prejudicial to the substantial rights of the appellants in transferring the case to the equity docket. As the pleadings stood at that time appellee was entitled to a judgment, and the evidence being insufficient to sustain the allegation in the pleading thereafter filed, there was no issue to submit to a jury. Riffe and Jones v. McKinney Deposit Bank, 171 Ky. 757, 188 S. W. 775.

Judgment affirmed.